UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>          Plaintiff,<br><br>     v.<br><br>J. BORDEWICK, et al.,<br><br>          Defendants. | No. 2:21-cv-2009 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

Plaintiff's Complaint

In his first claim, plaintiff again raises allegations concerning his underlying criminal offense.  In his second claim, plaintiff claims that on May 12, 2021, plaintiff was placed in an administrative housing unit for no reason.  Plaintiff appears to allege that his former psychiatrist claimed that plaintiff had threatened to kill a laundry staff person named Brian.  Plaintiff appears to allege that plaintiff did not make such a threat because other people would have heard it. Plaintiff lists a number of witnesses.  In his third claim, plaintiff writes negligent/refusal to provide adequate medical care, claiming that several times between April 2020 and December 12, 2021, S. Gates denied plaintiff medical care by denying plaintiff's 602 appeal.  Plaintiff alleges several suicide attempts and depression.

Plaintiff names Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo, all employed at Mule Creek State Prison, as defendants.

In his request for relief, plaintiff asks that Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo all lose their jobs and pensions. (ECF No. 1 at 6.) Plaintiff then claims that such defendants allowed Sam Hollison to rape plaintiff on June 12, 2021. (Id.)

Discussion

    First Claim

Here, plaintiff sets forth allegations concerning his 2013 arrest, many of which were addressed in Miller v. State of California, No. 2:21-cv-0650 JAM DMC P (E.D. Cal.) As in his prior case, plaintiff alleges false accusations resulted in having to register as a sex offender. Those claims were litigated and decided in Miller v. State of California, No. 2:21-cv-0650 JAM DMC P, and are thereby duplicative, as set forth above, and may not be re-litigated herein.

In addition, as explained in such prior case, any other claims related to plaintiff's conviction for a sex crime are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where a § 1983 action alleges claims which, if successful, would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

For the above reasons, plaintiff's first claim is dismissed without leave to amend.

    Second Claim

In his second claim, plaintiff challenges the May 12, 2021 placement in an administrative housing unit for no reason. However, plaintiff named no defendants and identified no actions such defendants took, or failed to take, that violated plaintiff's constitutional rights.

Moreover, plaintiff's claim concerning his May 12, 2021 placement in the secured housing unit was initially filed in Miller v. Bradford, No. 2:21-cv-2000 KJN P (E.D. Cal.) and is proceeding therein. Plaintiff's complaint in Miller v. Bradford, No. 2:21-cv-2000 KJN P, was dismissed with leave to amend to allow plaintiff an opportunity to fully address his claims as to

the May 12, 2021 incident, and to name the individuals responsible as defendants. Plaintiff should pursue claims regarding the May 12, 2021 incident in the earlier case. Plaintiff is not allowed to pursue the same claims in different actions, as previously instructed. Rather, plaintiff should bring all claims arising from the same, transaction or occurrence in the same case. Fed. R. Civ. P. 20.

Because plaintiff was previously provided the putative standards governing procedural due process claims in Miller v. Bradford, No. 2:21-cv-2000 KJN P, the undersigned will not repeat them here. Plaintiff's second claim concerning the May 12, 2021 incident are dismissed without prejudice to plaintiff pursuing them in Miller v. Bradford, No. 2:21-cv-2000 KJN P.

Third Claim

First, plaintiff did not name S. Gates as a defendant. Plaintiff is reminded that all individuals named as defendants must be identified both in the caption and the defendants' section of the complaint. As noted above, plaintiff claims S. Gates denied plaintiff medical care by denying plaintiff's 602 appeal. But plaintiff's third claim is too generic and conclusory for the court to determine whether plaintiff can state a valid Eighth Amendment claim against S. Gates. Plaintiff provided no specific facts as to Gates' actions or inactions from April 2020 to December 2021.

To the extent plaintiff contends that S. Gates improperly denied plaintiff's grievances, plaintiff is informed that prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

Because plaintiff's third claim is too vague and conclusory to state a cognizable civil rights claim, plaintiff's third claim is dismissed, and plaintiff is granted leave to file an amended complaint.

Plaintiff is advised of the following standards governing Eighth Amendment medical claims.

////

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Accidents or negligence do not constitute cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical or mental health care the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical [or mental health] needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A medical or mental health need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical or mental health need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical or mental health need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical or mental health need, the prisoner must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with treatment, or may be shown by the way in which prison officials provide such care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

////

6

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his [or mental health] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical or mental health care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical or mental health professionals as to the proper course of treatment for a medical or mental health condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Id. (internal citations omitted).

Putative Fourth Claim

In his request for relief, plaintiff asks that Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo all lose their jobs and pensions, and then claims that such defendants allowed Sam Hollison to rape plaintiff on June 12, 2021. (ECF No. 1 at 6.)

////

While plaintiff named these individuals as defendants in plaintiff's complaint, plaintiff included no charging allegations as to their actions or omissions in the body of his complaint. And his allegation in the relief section of the pleading is too conclusory for the undersigned to construe as a cognizable Eighth Amendment claim. Moreover, plaintiff is pursuing his claim that Sam Hollison sexually assaulted plaintiff on June 12, 2021, in Miller v. Hollison, No. 2:21-cv-1700 KJN (E.D. Cal.). Indeed, plaintiff also named I. Salinovich, J. Alardo, and J. Bordewick as defendants in the earlier case, but because plaintiff included no charging allegations, such claims were dismissed with leave to amend. Id., September 22, 2021 Order (ECF No. 6.). However, plaintiff opted to dismiss such defendants and proceed solely as to Sam Hollison. Id., October 4, 2021 Notice of Election (ECF No. 10).

Because plaintiff's claim against defendants Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo are so vague and conclusory, the undersigned is unable to determine whether plaintiff can state a cognizable Eighth Amendment failure to protect claim against them. Similarly, it is unclear whether such claims should proceed separately in this action, or whether plaintiff should seek leave to amend in Miller v. Hollison, No. 2:21-cv-1700 KJN (E.D. Cal.), to include any related claims in that case.

That said, plaintiff is granted leave to file an amended complaint as to such defendants. However, plaintiff must set forth specific facts as to what each defendant did or did not do that plaintiff alleges violated plaintiff's constitutional rights.

Misjoinder

Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels

Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)). Here, because such unrelated claims are based on relatively recent incidents, August and September of 2019, plaintiff will not be prejudiced by their dismissal, without prejudice, from this action. Plaintiff may pursue such claims in separate, timely actions. See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

For example, because plaintiff's putative medical claims against defendant Gates are not related to plaintiff's Eighth Amendment claims against defendants Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo, such claims must be pursued in separate actions. Therefore, plaintiff must decide which claim to pursue in this action and include only that claim.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court grants leave to file an amended complaint.

////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As set forth above, plaintiff is granted leave to pursue claims against defendant Gates or his claims against defendants Sgt. J. Bordewick, Lt. B. Cochran, and Correctional Officers I. Salinovich and J. Alardo.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff is required to identify each named defendant in both the caption and the defendants' section of the complaint, and must include specific charging allegations as to each defendant in the body of the complaint.

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 26, 2022

/mill2009.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BORDEWICK, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-2009 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff